IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01003-RPM

EARL T. VAUGHN,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.
_____

ORDER REVERSING DECISION
_____

      Earl T. Vaughn's application for Social Security Disability and Supplemental Security Income disability benefits was denied based on the decision of an Administrative Law Judge ("ALJ") that the claimant had the residual functional capacity to perform the jobs of cashier, sales counter clerk and survey clerk as those jobs are described in the Dictionary of Occupational Titles as interpreted by a vocational expert witness in response to the ALJ's hypothetical questions. That decision is based on findings that are not supported by any substantial evidence in the administrative record.

      The ALJ failed to give thorough consideration to medical source opinions, relied on a residual functional capacity assessment made by a DDS Single Decision Maker ("SDM"), failed to explain his discrediting of the claimant's testimony, failed to construct an adequate hypothetical question to the vocational expert witness and failed to make a realistic assessment of the jobs suggested by the vocational expert witness as those that Mr. Vaughn could perform. Because denial was at Step 5 of the sequential

analysis on which the Commissioner bears the burden of proof, the decision is reversed and the claim is remanded for the limited purpose of determining benefits.

The ALJ found that Mr. Vaughn had severe impairments of "degenerative disc disease, status post right knee surgery, asthma and disassociative identity disorder. The ALJ found that the claimant had the residual functional capacity to sit, stand and/or walk for six hours each in an eight-hour work day.

The physician who examined the claimant at the request of the Colorado DDS, Dr. Roly Kanard, M.D., concluded that Mr. Vaughn could stand and walk four to six hours in an eight-hour work day. The ALJ gave substantial weight to Dr. Kanard's report in all other respects but concluded that Mr. Vaughn could stand or walk for six hours in each eight-hour work day based on the SDM 's assessment.

Counsel for the Commissioner concede that it was error to give any weight to the assessment of an SDM who is not a physician but contends that such error is harmless and suggested that the regulation defining full range of light work requires standing or walking off and on for approximately six hours of an eight-hour work day and that the six hour finding is supported by the objective medical evidence, treatment notes and medical source opinions. The harmless error contention does not save this finding. There is no explanation by counsel as to what other medical evidence of record supports the finding of the six hour capacity and if the claimant could only stand or walk for four hours, the requirement is not met.

The ALJ considered the claimant's asthma to be adequately controlled by medication. That is consistent with the medical records but the ALJ failed to discuss

the testimony of Mr. Vaughn that to control his asthma he used a nebulizer four times a day taking 30 to 45 minutes for each use. R.299. The medical records show that nebulizer medications were prescribed for the claimant. The ALJ found that the testimony of Mr. Vaughn was "not entirely credible" but did not state why this particular testimony should be rejected. Accepting the need for such treatment to control asthma, it would obviously affect employability and, indeed, the claimant's testimony that such use was part of the reason why his job ended at Flat River Steel. R. 299.

The medical records show that Earl Vaughn was treated at the Veterans' Affairs ("VA") medical clinic for his physical condition and also for mental health treatment. The records show no less than 59 mental health treatment sessions from December 10, 2003, to July 13, 2005, 24 of which were with Cinical Psychologist Steven O. Kidd, Ph.D. Those sessions included group meetings and 15 appointments for individual psychotherapy. These sessions were addressing substance abuse problems but also erratic behavior including "blackouts" and disappearance with an inability to remember where he was and what he was doing. The claimant also was seen by Staff Psychiatrist James Sewell, M.D., and Psychiatrist Robert E. Vadnal, M.D.

The residual functional capacity evaluation forms submitted by Dr. Vadnal (R. 195-196) and Dr. Kidd (197-198) are consistent in showing extreme limitations in the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances and other marked limitations in areas of sustained concentration and persistence, social interaction and adaptation. Dr. Kidd found extreme limitations in other aspects which Dr. Vadnal found marked or moderate.

Notably, Dr. Kidd had most of the interaction with Mr. Vaughn during the period of treatment.

The ALJ gave little weight to these evaluations by Dr. Vadnal and Dr. Kidd, saying that they are at odds with the evidence of record.  The ALJ made no reference to all of the counseling and individual treatment sessions and, essentially, made his own evaluation of the claimant's report of daily activities and his role in assisting in group therapy sessions by performing administrative duties in connection with them.  There is no adequate explanation for rejecting the limitations identified by these two treating medical sources and the limitations which they have reported would preclude any employment, particularly the jobs identified by the vocational expert witness.

The hypothetical question put to the vocational expert did not include these mental health impairments excepting that the ALJ asked the VE to assume "low-stress types of jobs."  (R. 303).  What is described as "blackouts" and periods of disappearance in the medical records were never addressed and it is not necessary to consult a vocational expert to determine that such limitations would preclude employment.

Given that the Commissioner has failed to sustain the burden of proof at Step 5 of the evaluation and given that the medical records and the opinions of treating medical sources demonstrate disability in this case, it is

ORDERED that the decision denying disability and benefits is reversed and the Commissioner will proceed with the administrative procedures necessary to determine and pay benefits.

DATED: September 24th , 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge